INHABITANTS OF THE TOWN OF BAR HARBOR

*vs.*

INHABITANTS OF THE TOWN OF JONESPORT.

Hancock.     Opinion, March 15, 1935.

*Wood & Shaw,*
*Herbert L. Graham,* for plaintiff.
*Ryder & Simpson,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, HUDSON, JJ.

THAXTER, J.   This action, which is before us on the plaintiff's motion for a new trial after a verdict for the defendant, was brought to recover for alleged pauper supplies furnished by the Town of Bar Harbor to one Dan Groves, whose derivative settle-

ment was. admittedly in Jonesport. It is not denied that during the time when the supplies were furnished Grove had a home in Bar Harbor. The sole question is whether his pauper settlement as defined by R. S. 1930, Chap. 33, Sec. 1, VI, was there. He had, while living in Bar Harbor, received pauper supplies during the years from 1919 to 1925 and from 1931 to 1933. The issue is whether he had received such relief during the period from 1925 to 1931. If he did, the five-year interval prescribed by the statute had not run during which he would have acquired a settlement in Bar Harbor, and the Town of Jonesport would be obliged to reimburse Bar Harbor for his support.

It is conceded that fuel and groceries valued at $26.16 were furnished by the plaintiff town to the family of Groves on four separate occasions during the year 1928. The defendant claims that these were not pauper supplies, and in support of such contention relies on a letter written by Groves to the overseers of the poor of Bar Harbor of the following tenor:

"Feb. 21, 1928

Dear Mrs:

Please give Abbie two foot of wood if she needs it and also Five Dollars worth of provisions if needed until the middle of next week and when I get my pay from my work I will send it to you. The boss don't come in very often. He lives fifteen miles from here. Answer as soon as you get this if you can or not and if you can't I will have to come home and go on the town and I don't want to. I will pay you all if you help her before you send the bill in. She can't get anything because I told George not to let her have only . . . for she would run me in the hole so far I could never get out.

Daniel Groves,

Surrey, Maine

R. F. D. No. 2

c/o Harry Snow"

The defendant maintains that, because of the offer of Groves to pay as set forth in the letter and a subsequent renewal thereof, this was not an application for pauper supplies in accordance with the terms of section 2 of the statute in question. It is true, as contended by the defendant, that a person can not be pauperized except by

applying for supplies himself, or by receiving them with a full knowledge of their character. This does not, however, mean that he can, by a promise to pay or by a disavowal of intent to apply for relief as a pauper, change the character of that relief and thereby affect the obligation of the Town of Bar Harbor to furnish support in the first instance, or of Jonesport to pay for it subsequently. The provisions of section 2 of the statute in no respect modify the rule to this effect as set forth in *Inhabitants of Veazie* v. *Inhabitants of Chester*, 53 Me., 29.

There was in this case no agreement between Groves and the Town of Bar Harbor that these supplies were not to be regarded as pauper relief. His letter can be construed in no other way than as an application to the town to relieve his family from distress, which he was then unable to alleviate himself. The rights of the parties are determined by the facts as they were at that time. *Inhabitants of Veazie* v. *Inhabitants of Chester*, supra.

*Motion sustained.*
*New trial granted.*